THOMAS AND GABRIELLA K. LEONG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Leong v. Commissioner
Docket No. 14013-84.
United States Tax Court
T.C. Memo 1985-384; 1985 Tax Ct. Memo LEXIS 246; 50 T.C.M. (CCH) 566; T.C.M. (RIA) 85384; July 31, 1985. Thomas Leong, pro se. Hugh M. Spall, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $6,839 in petitioners' Federal income taxes for 1980 and an addition to tax of $3,419.50 under section 6653(b). [1] The deficiency resulted from disallowance of deductions claimed for contributions casualty loss, and business expenses. Respondent now concedes that the addition to tax for fraud should be determined only against petitioner Thomas Leong. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulation is *247 incorporated herein by this reference. Petitioners were residents of Alaska at the time they filed their petition herein. They timely filed a joint individual income tax return for 1980. During 1980, Thomas Leong (petitioner) was a Federal civil service employee and an active participant in a government retirement plan. On their tax return for 1980, petitioners claimed an adjustment to income for payment to an individual retirement account (IRA) that had not been made. They also claimed deductions of $2,355 for contributions on Schedule A and $4,142 for business expenses on Schedule C. [2] Attached to the tax return were copies of purported receipts from the Salvation Army. Petitioners have not, however, presented any evidence substantiating the amounts claimed for contributions or the amounts deducted as business expenses. On their tax return for 1980, petitioners also claimed a casualty loss unreimbursed by insurance in *248 the amount of $19,850. The loss was allegedly attributable to a warehouse owned by petitioners. Attached to the tax return was a copy of a picture labeled "April 01, 1980 HIGH WIND BLEW THIS WAREHOUSE * * *." The attachment to the tax return, however, was a copy of a photograph appearing in The Anchorage Times on November 14, 1979, with the caption "WEIGHT OF SNOW TOO MUCH FOR OLD BUILDING." On their tax returns for 1981, petitioners claimed a casualty loss of $29,500 and attached a copy of the same photograph. Prior to filing their tax return for 1980, petitioners had been audited by agents of the Internal Revenue Service. Their tax returns for 1977, 1978, and 1979 were audited by revenue agent Nayyar Malik. On the returns for 1978 and 1979, petitioners claimed casualty losses in the amounts of $3,800 and $8,937, respectively, arising out of purported thefts in 1977 and 1978. Malik advised petitioner that a casualty loss occurring in 1977 could not be claimed in 1978, and that a casualty loss occurring in 1978 could not be claimed in 1979. The casualty losses claimed by petitioners for 1977 and 1978 were disallowed. During meetings in July, September, and December 1980, Malik *249 stated to petitioner that he should obtain an accountant, that he could not claim the same casualty loss twice, and that he was required to claim a casualty loss in the year that it occurred. During the course of the audit for the years 1977, 1978, and 1979, in relation to business expenses claimed by petitioners, it was discovered that petitioners had unreported income. Certain of the claimed business expenses were disallowed as personal expenses, and petitioner acknowledged that those expenses were personal. In or about August 1980, Malik explained to petitioner that, because he was covered by a government pension plan, he was not entitled to a deduction for payments to an IRA. Petitioners also claimed a deduction for a payment to an IRA on their tax return for 1981 and were subsequently audited with respect to that return. When the revenue agent auditing the 1981 return advised petitioner that he could not claim a deduction for an IRA contribution, petitioner admitted that he had been given the same advice in prior years. OPINION Petitioners have the burden of proving that they are entitled to the deductions that they claim. ; *250 ; Rule 142(a). They have presented no evidence concerning the claimed charitable contributions or business expenses, and the evidence in the record compels the conclusion that they did not sustain a casualty loss in 1980. Thus respondent's determination as to the deficiency must be sustained. The 50-percent addition to tax in the case of fraud is a civil sanction provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. . Respondent has the burden of proving, by clear and convincing evidence, that some part of an underpayment for the year in issue was due to fraud. Section 7454(a); Rule 142(b). This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. ; , *251 affg. a Memorandum Opinion of this Court. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. , affd. without published opinion . Fraud will never be presumed. . Fraud may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. ; . Deliberate overstatement of deductions is evidence of fraud. See ; , affd. . The addition to tax is 50 percent of the underpayment of tax if anypart of the underpayment is attributable to fraud. Sec. 6653(b). In this case there is clear and convincing evidence that petitioners *252 were not entitled to the deductions that they claimed. Moreover, petitioner knew that the deductions were improper because he had been told shortly prior to the time that the return for the year in issue was filed that he could not claim deductions of the nature in issue here. Petitioner's testimony at trial was evasive. He claims that the erroneous deductions were due to a "misunderstanding." His denials, however, are not credible. Observing his demeanor and his interrogation of respondent's witnesses, we conclude that he is an intelligent person who knew that what he was doing was not lawful. He apparently ignored the advice to seek competent professional assistance. The conclusion to be drawn from the entire record is that at least those parts of the underpayment attributable to the improper IRA deduction and casualty loss deduction are due to fraud of petitioner. Thus the addition to tax is sustained against him. Decision will be entered for the respondent against petitioner Thomas Leong for the deficiency and addition to tax and for the respondent against petitioner Gabriella K. Leong for the deficiency.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue. All references to rules are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner claims that respondent erred in disallowing the total expenses claimed rather than only the net business loss of $2,232 shown on the return. None of the expenses, however, have been substantiated, and thus total disallowance is correct.↩